UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RANDY MLINEK and JOYCE MLINEK,

      Plaintiffs,

vs.

SHERIFF GRADY JUDD, in his official capacity as Sheriff
of Polk County, Florida, DEPUTY PARKER DUNN SMITH,
individually, and DEPUTY THOMAS McTEER GOETHE III,
individually,

      Defendants.

_____/

## COMPLAINT
### (Jury Trial Demanded)

Plaintiffs, Randy Mlinek and Joyce Mlinek, hereby sue Defendants, Sheriff Grady Judd, in his official capacity as Sheriff of Polk County, Florida, Deputy Parker Dunn Smith, individually, (hereinafter referred to as "Smith"), and Deputy Thomas McTeer Goethe III, individually, (hereinafter referred to as "Goethe"), and alleges:

## GENERAL ALLEGATIONS

1.    This is an action brought pursuant to the provisions of 42 U.S.C. § 1983 and 1988 and Fourth Amendment to the United States Constitution, together with state law claims.

2.    This Court has jurisdiction of this action pursuant to provision 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331.  Jurisdiction over the state law claims is based upon the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367.

3.    At all times material hereto, Plaintiff Randy Mlinek was and is a resident of Polk County, Florida, and the United States of America.

4.    At all times material hereto, Plaintiff Joyce Mlinek was and is a resident of Polk County, Florida, and the United States of America.

5.    At all times material hereto, Plaintiffs Randy Mlinek and Joyce Mlinek were married and living together as husband and wife, jointly owning the gated property located at 2120 West Socrum Loop Road, in Lakeland, Florida.

6.    At all times material hereto, Sheriff Grady Judd was and is the Sheriff and a resident of Polk County, Florida.

7.    At all times material hereto, Sheriff Grady Judd employed Parker Dunn Smith as a deputy sheriff.

8.    At all times material hereto, Defendant Smith was a resident of Polk County, Florida, and a deputy sheriff of Sheriff Grady Judd.

9.    And at all times material hereto, Defendant Smith was acting in the course and scope of his employment and under the color of State law, unless otherwise indicated, and Defendant Smith is sued herein in his individual capacity.

10.    At all times material hereto, Sheriff Grady Judd employed Thomas McTeer Goethe III as a deputy sheriff.

11.    At all times material hereto, Defendant Goethe was a resident of Polk County, Florida, and a deputy sheriff of Sheriff Grady Judd.

12.    And at all times material hereto, Defendant Goethe was acting in the course and scope of his employment and under the color of State law, unless otherwise indicated, and Defendant Goethe is sued herein in his individual capacity.

13.    Randy Mlinek was a retired U. S. Postal Service employee and U.S. Military Veteran who was 75 years old and his wife of 54 years, Joyce Mlinek, was 74 years old at the time.

14.    On or about September 5, 2025, the Plaintiffs' prior counsel provided notice to the Polk County Sheriff's Office pursuant to F.S. § 768.28 and on or about May 7, 2026, Plaintiffs Randy Mlinek and Joyce Mlinek, through the undersigned, furnished the Polk County Sheriff's Office and Department of Financial Services with written notice of claim via certified mail – return receipt requested pursuant to § 768.28, Florida Statutes.    On June 4, 2026 the claim was denied.

15.    Plaintiffs Randy Mlinek and Joyce Mlinek have complied with all conditions precedent, including the conditions precedent set forth in § 768.28, Florida Statutes, prior to filing this civil action.

16.    Plaintiffs Randy Mlinek and Joyce Mlinek have retained the undersigned counsel and agreed to pay them reasonable attorney's fees to represent them in this action.

## STATEMENT OF FACTS

17.    On February 19, 2025 the individual Defendants, acting within the course and scope of their employment as Polk County deputies, forced open the electric front gate of the Plaintiffs' property and entered, without a warrant and without consent or exigent circumstances.

18.    Both Plaintiffs were taking a nap in the late afternoon when one of the individual Defendants began banging on the front door repeatedly, instead of using the available doorbell, loud and hard enough to waken Mr. Mlinek from his slumber.

3

19.    When Mr. Mlinek opened his front door, leaving the screen door closed, surprised to find two members of law enforcement there, he was informed by the individuals at his door that they were there to investigate a 911 hang up call.

20.    Mr. Mlinek informed Deputies Smith and Goethe that only he and his still sleeping wife were at home, neither one of them had called 911 and there was no emergency at their home.

21.  Mr. Mlinek then advised Deputies Smith and Goethe that he was not going to disturb his wife, that they clearly had the wrong address and to leave their property.  He told them they did not have permission to come into the house if they did not have a warrant.

22.    Deputies Smith and Goethe forcibly entered the Mlinek's home without probable cause or objective evidence immediately placed Mr. Mlinek in handcuffs, waking Mrs. Mlinek in the process.

23.    In spite of Mrs. Mlinek confirming everything her husband had already told them, Deputy Goethe arrested Mr. Mlinek for resisting arrest without violence and Smith and Goethe led him away in handcuffs to the police cruiser.

24.    The handcuffs were placed excessively tight on Mr. Mlinek's wrists, which he complained about for the next hour or so, begging that they be loosened to prevent further injury.  He was told by one or both of the deputies that the handcuffs were not meant to be "comfortable" and that this is what he gets for "not listening."

25.    Mr. Mlinek had never been arrested or jailed before in his life.

4

26.     The 911 hang up call allegedly being investigated by the Polk County Sheriff's Department did not indicate that there was anyone in distress and was not made from a phone, or even the cellular service, used by the Plaintiffs.

27.     The criminal case brought by Deputy Goethe against Mr. Mlinek was dismissed by the State of Florida on July 16, 2025.

<u>**COUNT I**</u>

<u>**§1983 CLAIM AGAINST DEFENDANTS PARKER DUNN SMITH AND THOMAS McTEER GOETHE III FOR ILLEGAL ENTRY (FOURTH AMENDMENT)**</u>

Plaintiffs Randy Mlinek and Joyce Mlinek sue Defendants Smith and Goethe and allege:

28.     Plaintiffs readopt and reallege the allegations contained in Paragraphs 1 through 27 of this Complaint as if fully set for the herein.

29.  Defendants Smith and Goethe as sworn law enforcement, acting under the color of State law, knowingly entered the curtilage (property) and the house owned by the Plaintiffs when they, without probable cause, a warrant, consent or  exigent circumstances opened a closed electric gate to the Plaintiffs' property and then forcibly entered the Plaintiffs' house by coming through the front door.

30.     Smith and Goethe knew that they were violating the Plaintiffs' rights to be free from this kind of unlawful entry, in violation of the Fourth Amendment to the U.S. Constitution, when they did it.

31.     The conduct of Defendants Smith and Goethe toward Plaintiffs was objectively unreasonable and violated the clearly established rights of the Plaintiffs under

5

the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 to be free from unlawful entry into their home.

32.     As a direct and proximate result of their unlawful entry onto their property and into their home, the Plaintiffs suffered a violation of their right to privacy and to be free from law enforcement intrusion (search) without probable cause.

33.     As a further and direct and proximate result of the conduct of Smith and Goethe, the Plaintiffs suffered mental anguish and emotional distress, fear and anxiety in violation of their civil rights.

**WHEREFORE**, the Plaintiffs Randy Mlinek and Joyce Mlinek demand judgment against Defendants Parker Dunn Smith and Thomas McTeer Goethe III individually as follows:

a.   For compensatory damages;

b.   For punitive damages;

c.   For costs of this action and attorney's fees pursuant to the provisions of 42 U.S.C. § 1983 and § 1988; and,

d.   Any further relief as allowed by law due to the unlawful conduct of Defendants Smith and Goethe.

**COUNT II**

**STATE LAW CLAIM AGAINST DEFENDANT SHERIFF GRADY JUDD IN HIS OFFICIAL CAPACITY AS SHERIFF OF POLK COUNTY, FOR FALSE ARREST**

Plaintiff Randy Mlinek sues the Defendant Sheriff Grady Judd in his official capacity as Sheriff of Polk County, and alleges:

6

34.     Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

35.     Defendant Goethe  did not have probable cause to believe that Plaintiff, Randy Mlinek, had committed the alleged Florida criminal offenses of resisting arrest without violence (or any other crime) and the circumstances known to Defendant Goethe were not sufficient to cause a reasonable, cautious person to believe that Plaintiff Randy Mlinek had committed the aforementioned criminal offense.

36.     Defendant Goethe caused Plaintiff Randy Mlinek to be arrested and restrained for the alleged criminal offense of resisting arrest without violence.   Further, Defendant Goethe either purposely caused the arrest and restraint of Randy Mlinek or otherwise acted with knowledge that the arrest and restraint of Plaintiff would be substantially certain to occur.

37.     The arrest and restraint of Plaintiff Randy Mlinek was against the will of the Plaintiff and was unlawful, unreasonable and without probable cause.

38.     As a direct and proximate result of the aforementioned acts described herein, Plaintiff Randy Mlinek has suffered grievously and has been brought into public scandal, with great humiliation and mental and emotional suffering.

39.     As a further direct and proximate result of the conduct of Defendant Goethe,  a deputy of Sheriff Grady Judd, in his official capacity as Sheriff of Polk County, Florida, Plaintiff Randy Mlinek was arrested, detained and confined in jail and suffered from or incurred injury to his reputation and health, shame, medical treatment and expenses,  humiliation and embarrassment, mental anguish, emotional distress, legal expenses, costs of bond and other related expenses.

**WHEREFORE**, Plaintiff Randy Mlinek demands judgment against the Defendant Sheriff Grady Judd, in his official capacity as Sheriff of Polk County, Florida, together with costs of this civil action and any further relief this Court deems appropriate.

## COUNT III

### SECTION 1983 CLAIM AGAINST DEFENDANT THOMAS McTEER GOETHE FOR FALSE ARREST (FOURTH AMENDMENT)

Plaintiff Randy Mlinek sues Defendant Thomas McTeer Goethe and alleges:

40.    Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

41.    The actions of Goethe causing the arrest of the Plaintiff Randy Mlinek in the absence of probable cause were taken in the absence of lawful authority.  The actions of Goethe constitute false arrest / false imprisonment of Plaintiff Randy Mlinek.

42.    The conduct of Defendant Goethe towards Plaintiff Randy Mlinek was objectively unreasonable and violated the clearly established rights of the Plaintiff Randy Mlinek under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 to be free from seizure, arrest and confinement in the absence of probable cause, especially having been done in his own home after Goethe unlawfully entered his home.

43.    As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, Plaintiff Randy Mlinek has suffered great humiliation, mental and emotional suffering and resulting physical injuries from the handcuffs used to restrain him.

44.    As a further and direct and proximate result of the conduct of Defendant Goethe, the Plaintiff Randy Mlinek suffered the loss of liberty and freedom and the costs

of bond and defense of criminal prosecution, medical treatment and expenses, in violation of his civil rights.

**WHEREFORE**, the Plaintiff Randy Mlinek demands judgment against Defendant Thomas McTeer Goethe III as follows:

a.   For compensatory damages;

b.   For punitive damages;

c.   For costs of this action and attorney's fees pursuant to the provisions of 42 U.S.C. § 1983 and § 1988; and,

d.   Any further relief as allowed by law due to the unlawful conduct of Defendant Goethe.

### COUNT IV

### SECTION 1983 CLAIM AGAINST DEFENDANT THOMAS McTEER GOETHE III FOR MALICIOUS PROSECUTION

Plaintiff, Randy Mlinek, sues the Defendant Thomas McTeer Goethe III and alleges:

45.     Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 27 and Paragraphs 41 to 44 of this Complaint as if fully set forth herein.

46.     Defendant Goethe individually, acting under the color of state law as a Sheriff's Deputy, maliciously instituted and continued a criminal prosecution against the Plaintiff.  Defendant commenced and continued  the criminal prosecution recklessly, without probable cause and without due regard for whether the criminal prosecution against the Plaintiff was justified when he arrested Mr. Mlinek and then swore out a

9

criminal complaint (probable cause) affidavit on or about February 19, 2025, knowing it would be used to prosecute Randy Mlinek.

47. In fact, even though Defendant Goethe initiated the criminal prosecution he failed and refused to take the necessary steps with the Polk County State Attorney's Office to discontinue and end the prosecution immediately, knowing that he had violated established Florida and Federal law when he entered Mr. and Mrs. Mlinek's home unlawfully to begin with and that Mr. Mlinek had committed no crime.

48. Defendant Goethe, acting under the color of state law:

a. Initiated a criminal proceeding against Randy Mlinek;

b. That ended in the Plaintiff's favor;

c. Was initiated without probable cause; and

d. Acted maliciously in support of the prosecution.

49. Defendant Goethe's actions violated the clearly established rights of the Plaintiff Randy Mlinek under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 to be free from seizure, arrest, confinement and prosecution by the State of Florida in the absence of probable cause.

50. As a direct and proximate result of the acts described above, the Plaintiff has suffered humiliation, mental and emotional suffering, medical treatment and expenses, costs of defense and bond, and the losses are either permanent or continuing.

**WHEREFORE**, the Plaintiff Randy Mlinek demands judgment against Defendant Thomas McTeer Goethe III as follows:

a. For compensatory damages;

b. For punitive damages;

10

c.  For costs of this action and attorney's fees pursuant to the provisions of 42 U.S.C. § 1983 and § 1988; and,

d.  Any further relief as allowed by law due to the unlawful conduct of Defendant Goethe.

## COUNT V

### SECTION 1983 CLAIM AGAINST DEFENDANTS PARKER DUNN SMITH AND THOMAS McTEER GOETHE III FOR EXCESSIVE USE OF FORCE

Plaintiff Randy Mlinek sues Defendants Parker Dunn Smith and Thomas McTeer Goethe III, individually, and alleges:

51.  Plaintiffs readopts and realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

52.  Even though Randy Mlinek was 75 years old, unarmed and easily restrained by the two Polk County Sheriff's deputies that had unlawfully entered his home, Smith and Goethe squeezed the handcuffs they used on Mr. Mlinek so tightly that it caused immediate pain.

53.  Smith and Goethe purposely used this force against this 75 year old man in his own home knowing that the handcuffs placed that tightly could and would cause injury to Mr. Mlinek's wrists.

54.  The Plaintiff maintains that this use of force under the above circumstances was objectively unreasonable as the Plaintiff was in a submissive position in his own home, and was not posing a threat to them, other law enforcement, or anyone else.

11

55.    The Plaintiff immediately reported pain and injury to his wrists to Smith and Goethe and begged for the handcuffs to be loosened, a request which both individual Defendants ignored.

56.    Smith and Goethe intentionally rejected the Plaintiff's plea for help for an hour or more and, as a result, the Plaintiff sustained bilateral wrist injuries necessitating the need for medical treatment after being released from custody.

57.    As a direct and proximate result of the acts described herein, in violation of Plaintiff's Fourth Amendment rights, the Plaintiff suffered serious physical injury, costs of medical care, pain and suffering, and other damages.

**WHEREFORE**, Plaintiff Randy Mlinek demands judgment against Defendants Parker Dunn Smith and Thomas McTeer Goethe III as follows:

a.    for compensatory damages;

b.    for punitive damages;

c.    for costs of this action and attorney's fees pursuant to Provisions of 42 U.S.C. § 1983 and § 1988; and

d.    any further relief as allowed by law due to the unlawful conduct of Smith and Goethe.

### COUNT VI

### PLAINTIFFS' CLAIMS AGAINST THE DEFENDANTS PARKER DUNN SMITH AND THOMAS McTEER GOETHE III INDIVIDUALLY FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs Randy Mlinek and Joyce Mlinek sue the Defendants Parker Dunn Smith and Thomas McTeer Goethe III, individually, and alleges:

58.    Plaintiffs readopt and reallege the allegations contained in Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

59.     In the daylight hours of February 19, 2025, Defendants Smith and Goethe, after banging on the front door of Plaintiffs' home, unlawfully entered by physically pushing Mr. Mlinek back from his own front door and barged in, placing him under arrest in his own home.  They woke Mrs. Mlinek from a nap with all of the violence and yelling (in her own home) and took her 75 year old husband, to whom she had been married for 54 years, away in handcuffs right in front of her even after she confirmed she was fine and nothing was happening in their home.

60.  This humiliating, frightening and disgusting occurrence was set in motion by Defendants Smith and Goethe who knew they had no probable cause to enter the Mlinek home, much less arrest Mr. Mlinek, but did so anyway.  Smith and Goethe did so out of anger at Mr. Mlinek for not allowing them entry into his home, not legitimate law enforcement investigation or evidence of suspected criminal behavior, which they knew did not exist.

61.  Defendants Smith's and Goethe's behavior toward the Plaintiffs was reckless, outrageous, beyond all the bounds of decency, odious and utterly intolerable in a civil community, especially coming from a members of law enforcement.

62.  These actions were taken by Defendants Smith and Goethe, knowing that barging into the Mlinek home without a warrant, probable cause, consent or exigent circumstances and then making accusations and arresting Mr. Mlinek right in front of his wife would cause both Plaintiffs to suffer severe emotional distress and humiliation, the type of conduct that would cause the average person to exclaim "outrageous".

63. As a direct and proximate result of Smith's and Goethe's intentional acts as set forth above, both Plaintiffs suffered severe emotional distress, humiliation, upset and fear.

64. All of the criminal charges against the Plaintiff, Randy Mlinek, were ultimately dismissed on July 16, 2025.

65. As a direct and proximate result of Smith's and Goethe's intentional infliction of emotional distress set forth above, both Plaintiffs suffered severe emotional distress and upset.

**WHEREFORE**, based upon the foregoing, the Plaintiffs Randy Mlinek and Joyce Mlinek respectfully entry of a judgment for damages against the Defendants Parker Dunn Smith and Thomas McTeer Goethe III individually, and for such other further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Randy Mlinek and Joyce Mlinek hereby demand a jury trial in this action.

**DATED** this 23rd day of June, 2026

        **s/ Daniel P. Faherty**
**DANIEL P. FAHERTY, ESQUIRE**
Florida Bar No. 379697
TELFER, FAHERTY & ANDERSON, P.L.L.C.
815 South Washington Avenue
Suite 201
Titusville, FL 32780
Telephone No.:   (321) 269-6833
Facsimile No.:   (321) 383-9970
Counsel for Plaintiffs
cguntner@ctrfa.com
croca@ctrfa.com

14